**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **TSION BIRHANU** | **CASE NO. 3:26-CV-573 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **US IMMIGRATION & CUSTOMS ENFORCEMENT** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed pro se by Tsion Birhanu, ("Petitioner'), pursuant to 28 U.S.C. § 2241. Petitioner is an immigration detainee at the Richwood Correctional Center in Monroe, Louisiana. Petitioner challenges the legality and constitutionality of her continued detention.

Petitioner is a native and citizen of Ethiopia. On December 28, 2024, Petitioner was taken into immigration custody. On July 8, 2025, an immigration judge ordered Petitioner removed from the United States. On February 2, 2026, the Board of Immigration Appeals denied her appeal (Docs. 1 and 10).

Petitioner also complains about the conditions of her confinement. She claims her prolonged detention is causing her serious medical conditions. Petitioner claims she is

suffering from anxiety, mental problems, tachycardia, and hypertension. She claims more than one hundred people are housed in a room. She claims undergarments are not changed and clothes are not regularly changed. Petitioner claims she is given small amounts of food. also claims the uniforms, sheets, and towels are used and this is affecting her health. Petitioner complains that her shoes have had pads in them for two months (Docs. 1, 7 and 13).

For the reasons stated below, Petitioner's application for habeas relief should be denied without prejudice as premature and her claims regarding her conditions of confinement should be dismissed for lack of subject matter jurisdiction.

## LAW AND ANALYSIS

### Jurisdiction

Under 28 U.S.C. § 2241(c)(3), the court has federal subject-matter jurisdiction over habeas petitions filed by aliens claiming they are being detained "in violation of the Constitution or laws or treaties of the United States." See Zadvydas v. Davis, 533 U.S. 678, 687 (2001). However, the 'REAL ID Act' of 2005 divests federal courts of jurisdiction over several categories of immigration proceedings. See Pub. L. No. 109-13, Div. B, 119 Stat. 231 (2005). District courts may not review challenges to final orders of removal. 8 U.S.C. § 1252(a)(5); Moreira v. Mukasey, 509 F.3d 709, 712 (5th Cir. 2007). And no federal court may review any action that is committed to the discretion of the Attorney General or the DHS Secretary, 8 U.S.C. § 1252(a)(2)(B)(ii), including decisions "regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole," 8 U.S.C. § 1226(e).

The Supreme Court recognized a distinction between challenges to individual, discretionary detention decisions—which are prohibited—and "challenges to the statutory framework that permits [an] alien's detention without bail"—which remain cognizable under the habeas statute. Jennings v. Rodriguez, 138 S. Ct. 830, 841 (2018) (internal alterations omitted) (citing Demore v. Kim, 538 U.S. 510, 516 (2003)); see Aracely, R. v. Nielsen, 319 F. Supp. 3d 110, 135 (D.D.C. 2018) ("While§ 1252(a)(2)(B)(ii) undoubtedly bars judicial review of individual parole decisions, courts have declined to apply it to claims challenging the legality of policies and processes governing discretionary decisions under the INA."). Despite any statutory limitations on judicial review, federal courts retain "jurisdiction to review [an alien's] detention insofar as that detention presents constitutional issues," Oyelude v. Chertoff, 125 F. App'x 543, 546 (5th Cir. 2005), such as "questions of law regarding the AG's statutory authority or the regulatory framework" governing immigration detention, Garza-Garcia v. Moore, 539 F. Supp. 2d 899, 903 (S.D. Tex. 2007); see also Maldonado v. Macias, 150 F. Supp. 3d 788, 794 (W.D. Tex. 2015) ("[E]ven after the passage of the REAL ID Act, district courts retain the power to hear statutory and constitutional challenges to civil immigration detention under § 2241 when those claims do not challenge a final order of removal, but instead challenge the detention itself.").

**Detention**

In Zadvydas v. Davis, 533 U.S. 678, 701 (2001), the Supreme Court held that if an alien is detained for six months after a final order of removal and if the alien petitioning for habeas corpus "provides good reason to believe that there is no significant likelihood

of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Petitioner's claim is premature because when she filed this proceeding, she was not detained more than six months following the date her order of removal became final. Petitioner was ordered removed from the United States on July 8, 2025. Under 8 U.S.C. § 1101(47)(B), an order of removal "shall become final upon the earlier of--(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." The Board of Immigration Appeals denied Petitioner's appeal on February 2, 2026. Thus, her order of removal became final on February 2, 2026.

Petitioner filed this proceeding on February 23, 2026, less than six months after her order of removal became final on February 2, 2026. The court notes that six months after February 2, 2026, is August 2, 2026. See Chance v. Napolitano, 453 F. App'x 535 (5th Cir. 2011) (per curiam) (concluding that the district court did not err in finding that the "challenge to [petitioner's] continued post removal detention was premature" when the petitioner "had not been in post-removal-order detention longer than the presumptively reasonable six-month period" authorized by Zadvydas); Okpoju v. Ridge, 115 F. App'x 302 (5th Cir. 2004) (per curiam) (finding that a continued detention claim was "premature" because the petitioner "had not yet been in custody longer than the presumptively reasonable six-month post removal order period"), cert. denied, 544 U.S. 1066 (2005).

Accordingly, Petitioner's claim regarding her detention should be denied as premature. Petitioner may refile her habeas claim should her detention become unconstitutional.

**Conditions of Confinement**

Petitioner raises claims regarding her health, overcrowding, clothing, shoes, bedding, and food. To the extent Petitioner challenges the conditions of her confinement in this petition, these claims should be dismissed for lack of subject matter jurisdiction. "A § 2241 habeas petition is the proper procedural vehicle for challenging an action that 'directly implicates the duration of' a prisoner's confinement. Davis v. Fechtel, 150 F.3d 486, 487, 490 (5th Cir. 1998). It is not, however, the proper procedural vehicle for claims ... regarding the conditions of confinement." Boyle v. Wilson, 814 F. App'x 881, 882 (5th Cir. 2020); Spencer v. Bragg, 310 F. App'x 678, 679 (5th Cir. 2009).

Accordingly, Petitioner's claims regarding the conditions of confinement are unrelated to the cause of Petitioner's detention and should be dismissed for lack of subject matter jurisdiction. Petitioner may raise these claims in a separate civil rights action.

Accordingly, **IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED** as premature. **IT IS FURTHER RECOMMENDED** that Petitioner's condition of confinement claims be **DISMISSED** for lack of subject matter jurisdiction.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 5th day of August, 2026.

Mark L. Hornsby
U.S. Magistrate Judge